# United States Bankruptcy Court
# Eastern District of Wisconsin

IN RE:

Daniel Scott Peterson,  Debtor(s).

Case No: 7

Herbert J. Cuene, Jr., et al.,

Chapter: 18-29081-beh

Plaintiff(s).

All documents regarding this matter must be identified by both adversary and bankruptcy case numbers

vs.

Daniel Scott Peterson

Adversary No: 18-02259-beh

Defendant(s).

## CERTIFICATE OF SERVICE REGARDING SUMMONS IN AN ADVERSARY PROCEEDING

I, Shannon M. Fabry (name), certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made on December 21, 2018 (date) by one of the following methods:

- [x] **Mail Service:** Regular, first class United States mail, and postage fully prepaid. *(List names/addresses below.)*

- [ ] **Personal Service**: By leaving the process with defendant or with an officer or agent of defendant. *(List names/addresses below:)*

- [ ] **Residence Service:** By leaving the process with an adult. *(List names/addresses below.)*

- [ ] **Certified Mail Service on an Insured Depository Institution:** By sending the process by certified mail addressed to the following officer of the defendant. *(List names/addresses below.)*

- [ ] **Publication**: The defendant was served as described in the space below.

- [ ] **State Law:** The defendant was served pursuant to the laws of the State of _____ (U.S. state), as described in the space below.

### LIST NAMES AND ADDRESSES OR BRIEF DESCRIPTION OF HOW DEFENDANT WAS SERVED:

| Daniel Scott Peterson<br>dba DC Boatlift, Dock & Trailer, LLC<br>4216 Hwy 57<br>Sturgeon Bay, WI 54235 | US Trustee's Office<br>Eastern District of Wisconsin<br>517 E. Wisconsin Ave., Room 430<br>Milwaukee, WI 53202 | Mr. Larry H. Liebzeit<br>Bankruptcy Trustee<br>4650 W. Spencer Street<br>Appleton, WI 54914 |
|---|---|---|

*Under penalty of perjury, I declare that the foregoing is true and correct.*

/s/ Shannon M. Fabry
Signature

December 21, 2018
Date

Shannon M. Fabry
Printed Name

Business Address, City, State, and Zip
Czachor, Polack & Borchardt Law, LLP
PO Box 2402
Green Bay, WI 54306-2402

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Daniel Scott Peterson,
                  Debtor.

Herbert J Cuene, Jr.,
et al.,
                  Plaintiffs,
v.

Daniel Scott Peterson,
                  Defendant.

Chapter 7

Case No. 18-29081-beh

All documents regarding this matter must be identified by both adversary and bankruptcy case numbers.

Adversary No. 18-02259-beh

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

    YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of the issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days. At the same time, you must also serve a copy of the motion or answer upon the attorney for the Plaintiffs. If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

| *Clerk, United States Bankruptcy Court*<br>United States Courthouse, Room 126<br>517 East Wisconsin Avenue<br>Milwaukee, WI 53202 | *Name and Address of Attorney for the Plaintiffs*<br>Curtis R. Czachor<br>Czachor, Polack & Borchardt Law, LLC<br>107 North Broadway, Suite 2<br>P.O. Box 2402<br>Green Bay, WI 54306-2402 |
|---|---|

    YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the complaint will be held at the following time and place.

Date: February 28, 2019
Time: 10:00 AM(Central)
Place: Telephone Conference. **To appear by telephone, you must call the Court conference line at 1-888-808-6929, and enter access code 9122579 before the scheduled hearing time.** The Court may already be in session, so please wait quietly on the telephone for your case to be called.

    **IF YOU FAIL TO RESPOND TO THE SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated: December 20, 2018

                                        JANET L. MEDLOCK
                                        Clerk of Court



# Open Adversary/MP Case

## U.S. Bankruptcy Court

### Eastern District of Wisconsin

Notice of Electronic Filing

The following transaction was received from Curtis R. Czachor entered on 12/19/2018 at 11:56 AM CST and filed on 12/19/2018

**Case Name:** Cuene, Jr. et al v. Peterson
**Case Number:** 18-02259-beh
**Document Number:** 1
**Case Name:** Daniel Scott Peterson
**Case Number:** 18-29081-beh
**Document Number:** 26

**Docket Text:**
Adversary case 18-02259. Complaint by Herbert J Cuene Jr. (attorney Curtis R. Czachor), DC Docks and Boatlifts, Inc. (attorney Curtis R. Czachor) against Daniel Scott Peterson. Fee Amount $350 (41 (Objection / revocation of discharge - 727(c),(d),(e)),62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud),68 (Dischargeability - 523(a)(6), willful and malicious injury)) (Czachor, Curtis)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Users\shannon\Desktop\Cuene Adversary Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=993660899 [Date=12/19/2018] [FileNumber=22711344-0] [46dba405675b45a0dc63bd56aeb987e68ecb5bbcf34e624568b2b64c1c8f32b6f5 1f907d41987349b9ca60f55be5821557d3c8e4d3ca69b18f62afe045bd4f4a]]
**Document description:** Main Document
**Original filename:** C:\Users\shannon\Desktop\Cuene Adversary Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=993660899 [Date=12/19/2018] [FileNumber=22711345-0] [4d81e64ad4df400f3d4df533ad9fd4629d79d0bbe3df6574b0577fe59e57e79b33 3d5f479cfc66dfa2844620331fa43cf5804a80c4a491d3197716132fc05095]]

### 18-02259-beh Notice will be electronically mailed to:

Curtis R. Czachor on behalf of Plaintiff DC Docks and Boatlifts, Inc.
Curt@CPBLawyers.com, Shannon@CPBLawyers.com

Curtis R. Czachor on behalf of Plaintiff Herbert J Cuene, Jr.
Curt@CPBLawyers.com, Shannon@CPBLawyers.com

Larry H. Liebzeit
larry@liebzeitlaw.com, WI19@ecfcbis.com

**18-02259-beh Notice will not be electronically mailed to:**

Daniel Scott Peterson
dba DC Boatlift, Dock & Trailer LLC
4216 Hwy 57
Sturgeon Bay, WI 54235

**18-29081-beh Notice will be electronically mailed to:**

Curtis R. Czachor on behalf of Plaintiff DC Docks and Boatlifts, Inc.
Curt@CPBLawyers.com, Shannon@CPBLawyers.com

Curtis R. Czachor on behalf of Plaintiff Herbert J Cuene, Jr.
Curt@CPBLawyers.com, Shannon@CPBLawyers.com

Larry H. Liebzeit
larry@liebzeitlaw.com, WI19@ecfcbis.com

Office of the U. S. Trustee
ustpregion11.mi.ecf@usdoj.gov

**18-29081-beh Notice will not be electronically mailed to:**

Daniel Scott Peterson
4216 Hwy 57
Sturgeon Bay, WI 54235

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Herbert J. Cuene, Jr. and<br>DC Docks and Boatlifts, Inc.<br>5091 Edgewater Beach Road<br>Green Bay, WI 54311 | **DEFENDANTS**<br>Daniel Scott Peterson<br>4216 Hwy 57<br>Sturgeon Bay, WI 54235<br>dba DC Boatlift, Dock & Trailer LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Curtis R. Czachor 1018252<br>Czachor, Polack & Borchardt Law, LLP<br>PO Box 2402<br>107 N. Broadway Street, Suite II<br>Green Bay, WI 54306-2402<br>920-435-7300 Fax: 920-437-1421 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor  [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[X] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[X] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[X] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Daniel Scott Peterson ||| BANKRUPTCY CASE NO.<br>18-29081 beh |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Wisconsin | DIVISION OFFICE || NAME OF JUDGE<br>Beth E. Hanan |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*[signature]*<br>Curtis R. Czachor 1018252 ||||
| DATE 12/19/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Curtis R. Czachor 1018252 |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

DANIEL SCOTT PETERSON
dba DC Boatlift, Dock & Trailer,

        Debtor.

Case No.: 18-29081 beh
Chapter 7

HERBERT J. CUENE, JR.
and DC DOCKS AND BOATLIFTS, INC.,

        Plaintiffs,

Vs.

DANIEL SCOTT PETERSON
dba DC Boatlift, Dock & Trailer,
4216 Hwy 57
Sturgeon Bay, WI 54235

        Defendant.

Adversary No.: 18-2259 beh

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT AND TO DENY DISCHARGE

Herbert J. Cuene, Jr. and DC Docks and Boatlifts, Inc., (collectively referred to as "Cuene") by and through their attorneys, Czachor, Polack & Borchardt, LLP, by Attorney Curtis R. Czachor, as and for their complaint, respectfully represent as follows:

1. This Court has jurisdiction pursuant to 28 USC Sections 1334 and 157, and the general order for referral of bankruptcy related matters effective in the United States District Court for the Eastern District of Wisconsin.

2. This is an adversary proceeding to determine dischargeability of a debt owed to Cuene under sections 11 USC §523(a)(2)(B) and/or 11 USC §523(a)(6) of

the Bankruptcy Code and to deny the debtor's discharge pursuant to 11 USC §727 (a)(4).

3. This is a core proceeding.

4. Venue is appropriate in this Court pursuant to 28 USC Section 1409(a).

5. This is an adversary proceeding as defined by the Federal Rules of Bankruptcy Procedure 7001(6) and 7001(4).

## PARTIES

6. Herbert J. Cuene, Jr. is an adult resident of the State of Wisconsin and his address is 5091 Edgewater Beach Road, Green Bay, Wisconsin 54311. DC Docks and Boatlifts, Inc, is a Wisconsin Corporation, its principal address is 7559 State Hwy 42 57, Sturgeon Bay, WI 54235. Plaintiffs are jointly and severally a creditor of debtor in this bankruptcy by virtue of a Judgment entered in Door County Circuit Court Case Number 13 CV 81.

7. According to the bankruptcy petition, Debtor/Defendant resides at 4216 State Hwy 57, Sturgeon Bay, WI, 54235.

8. The Chapter 7 Trustee is Larry H. Leibzeit.

## BACKGROUND

9. On September 24, 2018, Defendant filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Wisconsin, case number 18-29081 beh.

10. Defendant listed two unsecured creditors: Attorney Josh Koch in the amount of $31,688.65 and Chase Card Services in the amount of $13,597.80.

11. Defendant listed one secured creditor, Cuene, in the amount of $468,435.98.

12. The debt owed Cuene is over 90% of Defendant's debt. The debt owed Attorney Koch was incurred by debtor while defending a lawsuit in state court filed by Cuene.

13. The Defendant did not list any real estate as assets on schedule A or B.

14. The Defendant did not list the proceeds from the sale of real estate on schedule A or B.

15. The Defendant failed to list any interest in any trusts on schedules A or B.

16. The Defendant failed to list any business interests on schedules A or B.

## FACTS RELEVANT TO NONDISCHARGEABILITY CLAIM

17. The Debt owed Cuene stems from the purchase of a dock and boatlift business by Cuene from Defendant in October of 2012.

18. Defendant was the owner of a business known as DC Boatlift Dock & Trailer, LLC. Defendant was the person in control of the business and the business assets.

19. Prior to the purchase, Defendant provided Cuene with tax returns from 2010 and 2011 that he represented to be the actual tax returns filed with the IRS. Defendant provided financial statements from 2010, 2011 and 2012 that he represented to reflect the true and accurate financial condition of the business.

20. Cuene accepted the financial statements and tax returns to complete a due diligence financial review of the business before closing on the purchase.

21. Cuene relied on the financial statements and tax returns in agreeing to purchase the business assets for $640,000.

22. In reliance on the written financial statements and tax returns and representations by Defendant, the sale closed on October 12, 2012.

23. Litigation between the parties ensued following the closing. During the litigation, through written discovery, Cuene learned that the tax returns and financial statements provided by Defendant to Cuene were completely fabricated and fraudulent. Defendant did not provide Cuene with the actual tax returns filed with the IRS. The tax returns and financial statements provided to Cuene grossly overstated the revenues and profits of the business.

24. Cuene filed an amended Counterclaim in the litigation alleging fraudulent misrepresentation and civil theft.

25. Cuene obtained a judgment on his Counterclaim against Defendant in Door County Circuit Court Case 13 CV 81 in the amount of $408,000. The Court determined that the true value of the business assets was $232,000 not the $640,000 represented by Defendant.

26. The Judgment included a finding by the Honorable Donald Zuidmulder that the sale was "fraudulently induced" and was "a grossly fraudulent transaction".

27. Defendant appealed the decision. The decision was affirmed by the Wisconsin Court of Appeals.

## Count I: Exception to Discharge Pursuant to §523(a)(2)(B)

28. The Defendant controlled DC Boatlift Dock & Trailer, LLC, its business and the assets that were sold to Cuene.

29. Defendant provided the tax returns and financial statements with the intent to induce Cuene to purchase the business assets for $640,000.

30. The tax returns and financial statements were materially false written statements concerning the financial condition of the business as they were not the actual tax returns filed and not the actual financial statements of the business.

31. The tax returns and financial statements grossly overstated the financial condition of the business.

32. Defendant intended to deceive Cuene with the purpose of obtaining an inflated value for the business.

33. Cuene reasonably relied on the fraudulent tax returns and financial statements as they were provided pursuant to the written business offer to purchase between the parties prior to closing.

34. Defendant accepted and retained the purchase price of $640,000 for his own use based on the fraudulent misrepresentations. Cuene was damaged in the amount of $408,000 pursuant to the Judgment by Judge Zuidmulder in Door County Circuit Court.

## Count II: Exception to Discharge Pursuant to §523(a)(6)

35. Defendant provided fraudulent tax returns and financial statements to Cuene that did not state the actual financial condition of his business.

36. Defendant provided the fabricated documents willfully and intentionally with the intent that they would induce Cuene to purchase his business for an inflated value.

37. Defendant knew that when he provided those fabricated documents his actions would necessarily cause injury to the property of Cuene. Namely, Cuene would pay a greatly inflated price for assets that had a far lesser value.

38. Defendant wrongfully produced fraudulent documents without just cause or excuse.

39. Defendant retained the proceeds from the fraudulently induced sale for his own benefit.

## FACTS RELEVANT TO DENIAL OF DISCHARGE

40. Debtor owns real estate located at 4216 State highway 57, Sturgeon Bay, WI that consists of a 60 acre farm. The real estate is titled in the name of Life and Times II Trust and Life and Times III Trust.

41. Debtor has owned and controlled the real estate described above for over 30 years. He has resided there, accepted rental payments for the land, stored possessions there and used the property for his own purposes.

42. Debtor owns real estate located at N12230 Olson Road in the Town of Wausukee, Marinette County, WI that consists of about five acres of frontage on a small lake. The real estate is titled in the name of Life and Times IV Trust. Debtor has owned and controlled the property for over 20 years.

43. Cuene filed a lawsuit in Door County Circuit Court, Case Number 16 CV 175 to execute on the real estate described in paragraphs 40 and 42 to collect his judgment.

44. After a trial, Judge Ehlers entered a written decision that the real estate described in paragraphs 40 and 42 was subject to execution. Judge Ehlers reasoned that the Life and Times Trusts were simply the "alter ego" of Defendant and had no separate legal existence. Defendant had not done any of the formal requirements to maintain the trusts as separate legal entities.

45. Defendant owns possesses and controls numerous vehicles, trucks, tractors, snowmobiles, personal watercraft, motorcycles, trailers and other personal property through an entity called Life and Times Trust. The terms of Life and Times Trust are identical to those of Life and Times II Trust, Life and Times III Trust and Life and Times IV Trust.

46. Defendant had a marital property interest in a home located at 1799 Morning View Road, Brussels, WI. Defendant and his ex-wife sold the home in February of 2018. The net proceeds were $165,114.01.

47. Cuene claimed an interest in the proceeds by virtue of his perfected judgment lien against Defendant. Judge Ehlers ordered the net proceeds from the sale to be deposited into the Client Trust Account of Czachor, Polack & Borchardt, LLP pending the execution on Defendant's other real estate. The net proceeds remain in the client trust account.

48. Defendant is the "founder and president" of Oil Extreme International, LLC a business that sells oil additives. The business holds an inventory of oil products. Defendant is in possession of that inventory.

49. Defendant has a one third interest in commercial real estate located at 3835 Egg Harbor Road, Sturgeon Bay, WI which was fraudulently transferred into a trust called Joynt Faith Trust to avoid Cuene's judgment. Cuene holds a Judgment stating that property was fraudulently transferred and subject to execution in Case 16 CV 175.

50. Defendant used $250,000 of the proceeds from the sale of his business to Cuene to purchase gold from Birch Gold Group. Defendant took delivery of the gold. Upon information and belief Defendant is still in possession of the gold.

51. Defendant is the owner and operator of a business known as Bayside Dock, LLC. He started the business to compete with Cuene after the sale of DC Boatlift Dock & Trailer, LLC to Cuene. Upon information and belief Bayside Dock, LLC has inventory and receivables and other assets.

52. Defendant rents the farm land located at 4216 State Highway 57, Sturgeon Bay to a famer named Michael Polich. Defendant holds a claim for payment of rent for 2018.

## Count III: Denial of Discharge pursuant to §727(a)(4)

53. Defendant failed to list any interest in real estate on Schedule A of his bankruptcy petition.

54. Defendant failed to list any interest in a trust on Schedule B or his statement of financial affairs of his bankruptcy petition.

55. Defendant knew that there is no question that the real estate described above is part of his estate. Judge Ehlers just entered a Judgment in Door County Circuit Case 16 CV 175 on August 17, 2018 that says the trusts were defendants alter ego and subject to execution by his creditors.

56. Defendant failed to list his interest in the proceeds from the sale of his marital residence on schedule B or the statement of financial affairs.

57. Defendant failed to list any cars, trucks, trailers, watercraft, motorcycles, tractors or any of the personal property described in paragraph 45, above, on schedule B of his bankruptcy petition.

58. Defendant failed to list any interest in any Trusts or LLCs or any other businesses on schedule B and his statement of financial affairs even though he knows there are entities that he owns, controls and actively operates.

59. Defendant failed to list on schedule B or his statement of financial affairs any gold or other precious metals purchased from Birch Gold Group.

60. Defendant failed to list income earned from the rental of his farm land on schedule I of his bankruptcy petition or list the claim for rent on schedule B.

61. Debtor signed his bankruptcy petition and swore under the penalty of perjury that the petition and schedules were true and correct.

62. Debtor testified at his 341 hearing that his bankruptcy petition and schedules were true, correct and complete.

63. The oath that the petition and schedules were true and correct was false.

64. Defendant knew the petition and schedules were not true and correct.

65. Defendant's omissions and false oaths are directly related to his bankruptcy. He failed to accurately disclose his assets and income. His actions have made the information in his schedules unreliable and incomplete.

66. Trustee Liebzeit was denied the opportunity to completely inquire about Defendants assets, debts and income because of the failure to disclose.

67. Defendant's bankruptcy petition was filed with the sole intent of staying Cuene's execution of his real estate which was ordered by Judge Ehlers as Cuene is the creditor holding over 90% of Debtor's debt and was actively pursuing execution.

68. Defendant's intent is to hinder, delay and defraud the collection actions of Cuene with reckless disregard for truthfully disclosing his assets and financial condition.

69. A debtor that fails to disclose material information about his financial circumstances is not entitled to receive a discharge.

WHEREFORE, the Plaintiff requests this Court enter a judgment against the Debtor/Defendant, Daniel Scott Peterson as follows:

    A. For an order excepting the debt and all associated costs and interest owed plaintiffs Herbert J. Cuene and DC Docks and Boatlifts, Inc. from discharge pursuant to §523(a)(2)(B) and §523(a)(6).

    B. For an order denying the discharge of Daniel Scott Peterson pursuant to §727(a)(4).

C. For an award of costs and attorney's fees incurred in pursuing this action;

D. For a criminal referral of Daniel Scott Peterson pursuant to 18 U.S.C. §152 for intentionally making false oaths and claims.

E. For such other relief as the Court deems just and equitable.

Dated this __19__ day of December, 2018.

CZACHOR, POLACK & BORCHARDT LAW, LLP

BY: _____
Curtis R. Czachor, State Bar No.: 1018252
Attorney for the Plaintiff

Drafted by:
CZACHOR, POLACK & BORCHARDT LAW, LLP
Attorney Curtis R. Czachor
P.O. Box 2402
Green Bay, WI 54306-2402
Telephone: (920) 435-7300
Facsimile No.: (920) 437-1421