THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: April 12, 2019



Beth E. Hanan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Daniel Scott Peterson  Case No. 18-29081-beh
*dba* DC Boatlift, Dock & Trailer LLC,

Debtor.  Chapter 7

**ORDER ON U.S. TRUSTEE'S MOTION TO STRIKE AND
DEBTOR'S MOTION TO CONDUCT AN EVIDENTIARY HEARING**

Daniel Scott Peterson, *dba* DC Boatlift, Dock & Trailer, LLC, is the debtor in this Chapter 7 bankruptcy case. His primary creditors, Herbert J. Cuene, Jr. and DC Docks and Boatlifts, Inc., have filed an adversary proceeding against him, Adv. No. 18-2259, seeking a determination that a state court judgment in their favor and against Mr. Peterson is nondischargeable.

Several events have occurred since this case and the related adversary proceeding were filed, and this order will dispose of them and provide some clarity as to next steps.

Mr. Peterson filed six documents in this case purporting to appoint several individuals, namely counsel for the U.S. Trustee, the Chapter 7 trustee in this case, and the Court, as "fiduciary debtors" or "fiduciary trustees" of the debtor. *See* CM-ECF Doc. Nos. 16, 18-1 and 20 ("Notice of Appointment Beth

E. Hanan as Fiduciary Debtor"); Doc. Nos. 17 and 19-1 ("Notice of Appointment Larry H. Liebzeit as Fiduciary Debtor"); and Doc. No. 36 ("Notice of Appointment Laura D. Steele as Fiduciary Trustee"). These documents claim to appoint the above individuals as fiduciaries for "the exclusive and limited purpose of accepting and receiving all liabilities, accepting and receiving all service of process and other documents, instruments, bonds or other important papers, to appear and discharge, settle and close all matters material to [the debtor]," authorize the fiduciaries to "use the private exemption of Daniel Scott Peterson . . . for the adjustment and set-off of this instant matter," and direct the fiduciaries to "timely issue the appropriate IRS 1099 forms." The only legal citation they contain is 46 App. U.S.C. § 1247 (currently cited as 46 U.S.C.A. § 50305), which is part of the Merchant Marine Act of 1936 and concerns corporations operating United States vessels sailing between the United States and foreign nations. As might be quickly surmised but will be explained below, these purported appointments are legal nullities and are void.

Counsel for the U.S. Trustee filed a motion to strike the notices of appointment as frivolous,[1] and in advance of filing her motion, gave the debtor the appropriate notice required under Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) so that he might consider withdrawing the documents and avoiding any contested motion practice. He refused to withdraw the documents, *see* CM-ECF Doc. No. 49-2, and so the motion to strike was filed with the Court.

As his response to the U.S. Trustee's motion, Mr. Peterson filed his own motion, CM-ECF Doc. No. 51, declining to voluntarily withdraw the challenged filings and seeking an evidentiary hearing. Mr. Peterson's motion will be denied. The Court first will address his request for a hearing, and then turn to his objection to the motion to strike.

---

[1] The U.S. Trustee's motion refers to only four documents, Doc. Nos. 18, 19, 20, and 36, but the record includes two additional notices, Doc. Nos. 16 and 17. These latter notices appear to be nearly identical copies of Doc. Nos. 18 and 20, and Doc. No. 19, respectively, but without thumb prints and signed certifications of mailing. The Court will treat the U.S. Trustee's motion as being directed at all six notices, as the motion challenges the substance of all six.

### 1. Mr. Peterson's request for an evidentiary hearing

Mr. Peterson asks the Court to schedule an evidentiary hearing, in both this case and the related adversary proceeding, Adv. No. 18-2259, *Cuene et al. v. Peterson*. Mr. Peterson's motion appears to address, in part, the merits of the plaintiffs' motion for summary judgment filed in the adversary proceeding. *See* CM-ECF Doc. No. 51, at 2 (mentioning the complaint's allegations of false oaths and 11 U.S.C. § 727(a)(4)). At the same time, however, Mr. Peterson insists on obtaining testimony from the U.S. Trustee and the Chapter 7 panel trustee, in relation to *only* the motion to strike. *Id.* ("[I]t is imperative that Layng and Liebzeit testify in order to preserve Due Process for petitioner who has NOT been made privy to ANY violations of § 9011 by Layng, Liebzeit, or Steele!").

If Mr. Peterson's request is for an evidentiary hearing concerning the motion for summary judgment filed in Adv. No. 18-2259, that request is denied. The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving party entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (incorporated by Fed. R. Bankr. P. 7056). As a result, motions for summary judgment are decided on the pleadings and other documents of record—*e.g.,* "depositions, documents, electronically stored information, affidavits or declarations, . . ." Fed. R. Civ. P. 56(c)(a)(A)—and only if those documents show that there *are* genuine issues of material fact will (summary judgment be denied and) an evidentiary hearing or trial be necessary.

Pursuant to the Court's prior scheduling order in the adversary proceeding, the debtor has until April 26 to file his responsive brief, and any supporting affidavits, to the plaintiffs' motion for summary judgment. Adv. No. 18-2259, CM-ECF Doc. No. 14. And consistent with its statements at the

March 20, 2019 pretrial conference, after the debtor files his responsive brief and the plaintiffs file their reply, the Court will hold a brief telephone conference on May 9, 2019, to discuss with the parties whether the Court finds oral argument beneficial, or whether it will decide the motion for summary judgment on the briefing submitted.  An evidentiary hearing in the adversary proceeding would be premature at this point.

If, on the other hand, Mr. Peterson's request is for an evidentiary hearing on the U.S. Trustee's motion to strike, that request also is denied.  As explained in more detail below, no additional evidence is necessary for the Court to determine as a matter of law whether the notices of appointment that Mr. Peterson filed violate Bankruptcy Rule 9011(b), or otherwise should be stricken from the record.

**2.     The U.S. Trustee's motion to strike**

The U.S. Trustee specifically challenges the six "notices of appointment" that Mr. Peterson filed as lacking in legal effect, having been filed for an improper purpose, being "nonsensical," and, because of these deficits, deemed frivolous.  The U.S. Trustee's motion cites cases imposing an array of sanctions, including a bar to future filings, dismissal of a case with prejudice, and striking of pleadings as frivolous, spurious and gibberish.  Other courts also have imposed monetary sanctions for serial, frivolous filings.

The debtor's primary argument in response seems to be that characterizing the challenged submissions as "nonsensical and frivolous" is a challenge without a legal or factual basis.  But "frivolousness" is well-defined in the law.  *E.g., Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir. 1998) ("[A] frivolous argument or claim is one that is 'baseless and made without a reasonable and competent inquiry.'"); *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 934 (7th Cir. 1989) ("One standard for frivolousness is risibility—if you start laughing when repeating the argument, then it's frivolous.")*; Troost v. Kitchin (In re Kitchin),* 327 B.R. 337, 366 (Bankr. N.D. Ill. 2005) ("To satisfy the frivolous clause a claim need only be colorable and contain a plausible view of the law.").  The only "facts" necessary to consider whether the challenged filings

are frivolous, under the statutes and caselaw, is the text of the challenged filings themselves. No additional factual development will make the those purported "fiduciary debtor" or "fiduciary trustee" appointment documents less frivolous.

First, the debtor filed document numbers 16, 18, and 20, purporting to make this Court the debtor's "fiduciary." Contrary to the debtor's argument, characterizing the challenged filings as "nonsensical" is very much akin to the District Court's recent characterization of purported "fiduciary" designations filed in another case:

> On May 2, 2018, the plaintiff filed "Fiduciary Appointment and Motion For The Court To Effect Full Settlement & Closure Of Said Case and Account." . . . The "motion["] says that "[t]o settle this matter once and for all, by the Power of Appointment Act of 1951, Plaintiff hereby appoints yourself, the Honorable Pamela Pepper, to act as trustee and fiduciary, via IRS Form 56, to effect payment to defendant(s) should your honor rule against any prior points of law plaintiff has made."
>
> This isn't a motion. It doesn't ask the court for any relief. The plaintiff's assertion that he is "appointing" this court as a trustee or fiduciary under the Powers of Appointment Act of 1951 is absurd. This court is the independent, neutral arbiter of disputes between the parties. The court will deny this motion.

*VonGermeten v. Planet Home Lending, LLC*, No. 17-CV-167-PP, 2019 WL 1298564, at *13 (E.D. Wis. Mar. 21, 2019) (internal citations omitted). This Court adopts Judge Pepper's reasoning, in finding documents 16, 18, and 20 absurd and of no legal force.

Likewise, the debtor filed document number 36, purporting to appoint Laura D. Steele as his "fiduciary trustee." The Court finds that document 36 is absurd and of no legal force and effect. Attorney Steele's only role in this case is as counsel for Patrick S. Layng, United States Trustee. Mr. Layng's role is a federal statutory role and cannot be supplanted by artificial filings by this debtor or others.

Last, the debtor concedes that while Attorney Steele may represent the U.S. Trustee in her motion, he contends that she is not authorized to represent Chapter 7 trustee Larry Liebzeit in moving to strike Doc. Nos. 17 and 19. The debtor is wrong. In addition to the United States Trustee's role as a "watchdog" over the bankruptcy process, protecting the public interest and ensuring that bankruptcy cases are conducted according to law, *see In re Revco D.S., Inc.*, 898 F.2d 498, 500 (6th Cir. 1990), and *In re Larson*, 553 B.R. 646, 652 (Bankr. W.D. Mich. 2016), 28 U.S.C. §§ 586(a)(1) & (3) authorize the U.S. Trustee to appoint and supervise persons to act as trustees in Chapter 7 cases. That authority is broad enough to include the authority to ask the Court to strike a purported designation of the Chapter 7 trustee into another, conflicting role, as a debtor's "fiduciary" in that case. The Court agrees with the U.S. Trustee's argument that documents 17 and 19, purporting to appoint Larry H. Liebzeit as a "fiduciary debtor," are absurd and of no legal force.

In concluding that the "notices of appointment" Mr. Peterson filed are frivolous and have no legal effect, this Court is not alone. Courts across the country have routinely found documents such as Mr. Peterson's notices to be frivolous and have stricken them from the record. *See, e.g., United States v. MacAlpine*, No. 1:18-CR-00092-MR-WCM, 2018 WL 6620889, at *5 (W.D.N.C. Dec. 18, 2018) (striking document purporting to appoint the United States Attorney as the defendant's trustee/fiduciary as frivolous, describing the document as "of no legal effect" and "nonsensical," and warning the defendant that filings of a similar nature would in the future be summarily stricken from the record and disregarded by the court); *United States v. Kleensang*, No. 8:12CR56, 2012 WL 1869633, at *1-2 (D. Neb. Apr. 12, 2012), *report and recommendation adopted*, No. 8:12CR56, 2012 WL 1869607 (D. Neb. May 22, 2012) (granting motion to strike documents including two titled "Notice of Appointment of Fiduciary Debtor," as frivolous and having no legal basis); *see also United States v. Buczek*, No. 08-CR-54S, 2009 WL 2230821, at *1-3 (W.D.N.Y. July 24, 2009) (finding several documents filed by the defendant,

including notices of trustee appointments, to be "totally incomprehensible," and denying the relief—if any—requested by them).

The U.S. Trustee also argues that the challenged filings were all filed for an improper purpose. Improper purpose can include abusive litigation practices, papers filed to cause unnecessary delay, to increase litigation costs, or to harass. Fed. R. Bankr. P. 9011(b)(1). There is no basis in bankruptcy law or the U.S. Code for the debtor to conclude that the denominated entities owe duties separate from those already laid out in federal law as described. And the debtor's tone suggests an intent to harass, *see, e.g..* Doc. No. 51, at 6: "Any LAURA STEELE motion filing would be contrary to fulfilling her fiduciary capacity to conduct herself in a manner that is ONLY advantageous and beneficial to DANIEL SCOTT PETERSON Estate."

The impropriety of purpose is spelled out in debtor's own response. He describes an intent that the purported designations of "fiduciaries" would somehow bind the designees into a relationship with him contrary to their legal roles under the Bankruptcy Code and other U.S. Code provisions. His response shows those fictitious roles have been fashioned by his contorted view of trust law and corporate law of a government which itself he deems "bankrupt" and whose court determinations he regards as "specious":

> . . . Adversarial Complaint states not ONE fact supported by evidence that DANIEL SCOTT PETERSON owns a single asset, and a COURT'S specious determination relied on in the Adversarial Complaint cannot alter or create an ownership position whenever it happens to feel like insinuating there is one on the public books without producing a document evidencing ownership.
>
> . . .
>
> The sole purpose of 18-20, 36 appointments is to insure that the appointees are on NOTICE, know EXACTLY what is expected of them as Public Servants. In no uncertain terms, Daniel Scott Peterson is informing each of them that Secured Party creditor has captured the document establishing the TRUST arrangement that the bankrupt UNITED STATES, by deceitful means established without first providing full disclosure, and THEN obtaining explicit consent. Since obtaining that knowledge Daniel Scott Peterson became "Holder in Due Course" of said instrument has effectively

> extinguished the "LAWFUL" and routine operation/application of TRUST LAW over DANIEL SCOTT PETERSON. Unless and until ANY appointee [BEH included] can bring evidence of SUPERIOR TITLE as a means to remove the power of appointment held by the "Public" BENEFICIARY, DANIEL SCOTT PETERSON, 63 Am. Jur. 247, 1951 Power of Appointment Act, as Daniel Scott Peterson having TOTAL control of the ens legis entity, rejects the stand in position of,: "surety" and guarantor for a bankrupt UNITED STATES Corporation debts without obtaining his express written approval to be the surety.

*Id.* at 5, 6. The Merchant Marine Act cited in debtor's notices will not keep this fiction afloat.

For all these reasons, the Court will grant the U.S. Trustee's motion to strike all six "notice of appointment" documents as frivolous, filed for an improper purpose and lacking in any legal force. The debtor's motion for an evidentiary hearing on either the motion to strike or motion for summary judgment in the adversary proceeding is denied.

The Court further cautions the debtor against any future filings that are improper, designed to harass or delay, or otherwise frivolous. If the Court concludes that other filings may be so characterized, the debtor is on notice that such filings will be summarily stricken from the record and disregarded by the Court.

## ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that the U.S. Trustee's motion to strike is GRANTED and Doc. Nos. 16, 17, 18, 19, 20, and 36 are STRICKEN from the record. These documents shall be restricted from public view.

IT IS FURTHER ORDERED that Mr. Peterson's request for an evidentiary hearing is DENIED.

#####